IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE DURAN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:07-cv-00756 AWI TAG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br>(Docs. 6, 20) |

## **BACKGROUND**

Plaintiff, Yvonne Duran, through counsel, is proceeding with an action in which Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for Social Security disability benefits. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(15).

Plaintiff filed her complaint on May 23, 2007. (Doc. 1). On June 6, 2007, this Court issued a Scheduling Order, which provided, inter alia, that Plaintiff had thirty (30) days from the date upon which Defendant lodged and served the administrative record to serve Defendant with a confidential letter brief. (Doc. 6). Defendant was required to respond to Plaintiff's letter brief within thirty-five (35) days, and, if the parties did not agree to remand the matter, Plaintiff had thirty (30) days to file her opening brief. (Id.).

On November 26, 2007, Defendant lodged the administrative record with the Court. (Doc. 13). This Court calculates that Plaintiff's letter brief was due to be served on Defendant on

1  or before December 26, 2007, and, if the parties could not reach an agreement, her opening brief
2  had to be filed no later than February 29, 2008.  On January 3, 2008, the undersigned granted
3  Plaintiff until January 25, 2008 to serve her confidential letter brief. (Doc. 19).  Under the terms
4  of the Scheduling Order, the effect of the January 3, 2008 order was to extend the due date for
5  Plaintiff to file her opening brief to March 30, 2008.  (Docs. 6, 19).

6     On May 22, 2008, well past the date upon which Plaintiff's opening brief was due to be
7  filed, the Court issued an Order to Show Cause ("OSC"), which directed Plaintiff to submit a
8  written explanation as to why she had not filed a timely opening brief and/or to file her opening
9  brief on or before June 6, 2008.  (Doc. 20).  The OSC stated that "**Plaintiff is admonished that**
10 **failure to timely comply with this order will result in a recommendation to dismiss this**
11 **action.**" (Id.) (emphasis in original).   To date, Plaintiff has not filed a response to the OSC, an
12 opening brief, or presented any reason why this action should not be dismissed.  (See Docket
13 Sheet).

14 **DISCUSSION**

15 This Court's Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply
16 with these Rules or with any order of the Court may be grounds for the imposition by the Court
17 of any and all sanctions . . . within the inherent power of the Court."  District courts have
18 inherent power to control their dockets and "in the exercise of that power, they may impose
19 sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,
20 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a
21 party's failure to prosecute an action, failure to obey a court order, or failure to comply with local
22 rules.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance
23 with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for
24 failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d
25 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se
26 plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130
27 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779
28 ///

1  F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with
2  local rules).
3       In determining whether to dismiss an action for failure to obey a court order, the Court
4  must consider several factors: (1) the public's interest in expeditious resolution of litigation;
5  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
6  public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
7  alternatives.  Carey, 856 F.2d at 1440; Henderson, 779 F.2d at 1423.
8       In the instant case, the Court finds that the public's interest in expeditiously resolving this
9  litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third
10 factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of
11 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.
12 Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring
13 disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal
14 discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will
15 result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at
16 1262; Malone, 833 F.2d at 132-133; Henderson, 779 F.2d at 1424.  The Court's order of May 22,
17 2008 expressly stated: "**Plaintiff is admonished that failure to timely comply with this order**
18 **will result in a recommendation that this action be dismissed.**"  (Doc. 20) (emphasis in
19 original).  Thus, Plaintiff had adequate warning that dismissal would result from her
20 noncompliance with the Court's order.
21                            **RECOMMENDATIONS**
22      Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED,
23 without prejudice, for Plaintiff's failure to comply with the Court's Scheduling Order and OSC,
24 and for her failure to prosecute this action.  (Docs. 6, 20).
25      These Findings and Recommendations are submitted to the United States District Judge
26 assigned to the case.  Within fifteen (15) days after being served with these Findings and
27 Recommendations, any party may file written objections with the court and serve a copy on all
28 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

1 Recommendations." Replies to the objections shall be served and filed within ten (10) court days
2 after service of the objections. The District Judge will then review the Magistrate Judge's ruling
3 pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections
4 within the specified time may waive the right to appeal the District Judge's order. Martinez v.
5 Ylst, 951 F.2d 1153 (9th Cir. 1991).

7 IT IS SO ORDERED.
8 Dated:   **June 11, 2008**                                                  /s/ **Theresa A. Goldner**
                                                                              UNITED STATES MAGISTRATE JUDGE